Jacob Markowitz, J.
The complaint, in the first cause of action, alleges that the lease required defendant ‘ ‘ to make maximum use for retail sales of all space demised herein ”, and that the plans provided for defendant’s use of 61,895 square feet of the upper level and not less than 15,000 square feet of the lower level. The pleading charges that defendant violated these provisions by using less space for retail sales. Plaintiff alleges that it is entitled to a minimum of $125,000 for the first year’s rent under the percentage clause and to $32,000 as the “ additional rent ” for the first year, on the theory that those would be the amounts to which plaintiff would be entitled if defendant had used the maximum amount of space. These allegations state a cause of action at law for rent for the first year of the lease, for at least the percentages fixed in the lease for the space actually used. However, plaintiff goes on to allege that it has no adequate remedy at law. No facts are set forth to support that claim. The claim is apparently based upon the request at the end of the complaint for a judicial declaration that the percentage rent for the remaining years of the lease should, as in the case of the first year’s rent, be fixed “ as though the premises were put to maximal use for retail sales ”. This relief is sought in addition to the prayer that plaintiff have judgment for $125,000, plus $32,000, for rent and additional rent for the first year of the lease.
It is to be noted that the plaintiff does not allege that the provisions of the lease are ambiguous or doubtful or that defendant has disputed plaintiff’s right to the rent claimed for the first year of the lease and thereafter. If plaintiff should recover on its theory for the first year of the lease, the adjudication that plaintiff is entitled to rent as though the premises were put to maximum use for retail sales would be binding in the future as to subsequent installments of rent. Plaintiff, as far as appears, therefore has an adequate remedy at law in this very action by way of its cause of action for rent for the first year of the lease. No need for a declaratory judgment is shown to exist. The case is one in which plaintiff ‘ ‘ should be left to relief by existing *1015 forms of action” (Rules Civ. Prac., rule 212). The situation would be different if plaintiff required a declaratory judgment to protect itself against the possibility of injury from construing the lease in a manner which might ultimately be held erroneous by the court. Such a situation is presented where, for example, a tenant and landlord disagree as to the amount of rent due under a lease, and the tenant may lose its right to possession if the rent offered by it should ultimately be held inadequate by the court. In the instant case, plaintiff is not confronted with any risk of damage in the event that its theory as to the fixation of the rent should fail to prevail. In that event, plaintiff will recover a lesser rent for the first year of the lease and the principle applicable to the remaining years will have been judicially determined.
Although controversies involving claims under leases are peculiarly appropriate for declaratory judgment, it does not follow that in every case where the construction of a lease is involved an action for declaratory judgment is ipso facto proper.
The second cause of action sets forth the facts sufficient to make out a good cause of action for breach of defendant’s alleged agreement to use additional space on the lower level and compensate plaintiff therefor, if plaintiff would complete and finish that space for retail sales’ use. It is clear that the cause of action asserted is solely for reimbursement of plaintiff’s alleged loss “as a result of defendant’s violation of the agreement ”. The mere fact that the complaint uses the word “represented” in alleging that defendant “represented * * * and promised ’ ’ is not sufficient to make out an additional cause of action for fraud and deceit, in view of the fact that paragraph 25 clearly characterizes the cause of action as one for “defendant’s violation of the agreement”. The word “ represented ” is obviously used in the sense of “ promised Any doubt which could possibly exist is removed by the statement in plaintiff’s brief that the second cause of action “is in contract and not fraud ”.
The moton is granted to the extent of dismissing the first cause of action, and otherwise denied, with leave to serve an amended complaint within 10 days from the service of a copy of this order with notice of entry. In the event that the complaint is not amended, defendant may answer the second cause of action within 20 days from the service of a copy of this order with notice of entry.